United States of America v. Latroy Leon Burris 17-10478. Is the appellant ready to proceed? I am, Your Honor. Appellee? Yes, Your Honor. You may proceed. Thank you, Your Honor, and may it please the Court, Matthew Wright for Mr. Burris. And there is an easy way to resolve this appeal today, Your Honors, and there is a difficult way to resolve the appeal. Guess which one I'm going to pick. I hope it's the easy one, Your Honor. Both paths are ultimately going to lead to the same destination, and that is reversal of the Armed Career Criminal Act sentence because Mr. Burris' prior conviction for Texas simple robbery is not a violent felony. It is no longer a violent felony because the residual clause has been eliminated by the Supreme Court of the United States. Now, the easy path was marked out most clearly by this Court's 2004 en banc decision in the United States v. Vargas-Durant. The Court there recognized a distinction between causing someone to suffer injury and using violent physical force against that person. And because the elements clause of ACCA requires as an element the use of violent physical force, crimes defined solely in terms of results do not satisfy that definition. Now, this distinction between force and injury, as a shorthand, has become the lodestar for analyzing violent felonies and felony crimes of violence in the Fifth Circuit. Now, the harder path advocated by the government here is to ignore the guidance of Vargas-Durant. Now, Mr. Burris would still prevail without the Vargas-Durant rule, but it would be a harder slog for the Court and a harder slog for the parties. And the good news, Judge Graves, is that the harder path is currently foreclosed to this panel. The Court remains bound by Vargas-Durant, and that's according to United States v. Rico Mejia, and more recently, United States v. Reyes-Contreras. So I do want to return to discussion of what I call the easy way. Now, the distinction between force and injury eliminates both forms of Texas simple robbery, and it remains binding law before the panel. There are two ways, of course, to commit simple robbery in Texas. One is to cause bodily injury to one person during the course of a theft or in the immediate flight from a theft. And the second way is to threaten imminent bodily injury or to cause someone to be afraid that they're going to suffer imminent bodily injury. Now, on the first, the causing bodily injury prong, Vargas-Durant, and certainly United States v. Villegas-Hernandez, are on all fours with this case. Villegas-Hernandez says Texas assault doesn't satisfy the elements clause. The only thing that simple robbery adds is that there happened to be a theft going on. Villegas-Hernandez is an assault against a peace officer. And while that conduct is culpable, it does not satisfy the elements clause because using physical force is not an element. As for the second prong, the threat or fear prong, these decisions that I just mentioned, Reyes-Contreras and Rico Mejia, completely control. And they say even outright threats to cause someone injury do not have as an element the threatened use of physical force. Those aren't ACCA cases. They aren't, Your Honor, but this court has consistently applied its precedence for felony crime of violence, what the Supreme Court calls violence simpliciter with one voice. In other words, it's the same language, and it's the same language used in the same context, which is a felony definition of violence simpliciter. And so I think that these cases, under current law, they control. And I think that the United States v. Santiago-Esteban-Hernandez, which is a case that we cite in our brief, it really tells the court how to decide this case until the law changes. And that says if this case, Santiago-Esteban-Hernandez, focused on an identically worded elements clause, the defendant would win because Texas robbery is defined in terms of injury. It's not defined in terms of force. So Santiago-Esteban-Hernandez shows exactly how Vargas Duran dictates the result in this case. That's why in 2007, in the United States v. Davis, where this court did consider this very offense under the Armed Career Criminal Act, the court said this is a residual clause violent felony. And now that the residual clause has been struck down, the natural result of that is this is no longer a violent felony. Now, I anticipate that my opponent will advocate what I call the hard way in this case, which is to tear up the map, ignore the path that's been provided by the en banc court in Vargas Duran, and start from scratch. Well, there are two reasons why we would win without the rule in Vargas Duran. The first of those, and these were discussed really briefly in the reply brief. Again, this path is foreclosed to the panel right now, but if we were to take this case up to some higher tribunal or if some intervening decision were to overrule it. First, bodily injury in Texas is defined so broadly that something like a bruise or a pinch on the cheek would count as bodily injury. However, that would not count as force for purposes of the Armed Career Criminal Act. And that's assuming, again, that we eliminate the distinction between causing some sort of harm and using physical force. The words from the Curtis Johnson case in the Supreme Court, when you're defining a term like violent felony, the words the Supreme Court used are extreme, sudden, furious, severe, vehement, and strong force. Now, Texas does not require any of those things to count as bodily injury. So that would be a reason independent of what I call the lodestar for analysis. We cast aside Vargas Duran. That's one reason which would control against both forms of Texas robbery because both of them incorporate that very broad definition of bodily injury typically associated with a misdemeanor battery in Texas and elsewhere. The second reason is if you can commit a crime by injuring someone while you're recklessly driving a car, then that crime does not have the use of physical force against that person as an element. And we've cited decisions from other circuits that have recognized that. Now, they don't always use exactly the same analytical rubric. Some of them will say there's still a distinction between force and injury. Some of them will focus on the recklessness prong. Some of them, it's the combination of causing this result and doing it with a reckless mental state. But in each of these decisions, you see sort of what I would say a growing consensus of courts who don't have the Vargas Duran rule sort of hovering over them and guiding them which way to go where they'll say that is not a use of physical force against a person. And I think that's consistent with the Supreme Court's decision 2004 in Leocal versus Ashcroft. That's 543 U.S. 1. I noticed last night we failed to cite that case in the brief, but it's cited in the out-of-circuit, first-circuit decisions that we mentioned. Leocal was a case about a felony DUI resulting in serious bodily injury. So you eliminate the problem of minor injuries, and the court said, you know, this is not a use of physical force against someone. That was under Section 16. But I think by the same logic. Now, I will agree that Leocal does not directly address the question of recklessness. And I will also agree, as I would expect my opponent to argue, that this court has on occasion held that a crime satisfies an elements clause with a reckless mental state. But to my knowledge, this court has never held that a reckless crime without some specific definition of the conduct, inherently forceful conduct, if it's committed recklessly, is still a use of force. Are you going to touch on Castleman? Yes, Your Honor. Castleman dealt with the definition of misdemeanor crime of domestic violence. And if you look at the court's decision in Castleman, the court went to great pains to distinguish between that definition of violence and focusing specifically on the context of misdemeanor and domestic violence. In other words, the court didn't claim that it was writing what these words would mean in all contexts. In fact, the court distinguished that definition from the one discussed in Curtis Johnson, which we're here to talk about today, the violent felony definition. Curtis Johnson dealt with violent felony and used that context to provide a more limited definition, whereas Castleman looked at a broader definition. And now on the specific question of whether or not the analysis from Castleman might leak out of the context of misdemeanor crime of domestic violence to be applied elsewhere, this court has said no. This court said no in United States v. Rico Mejia. The government protested, moved for panel re-hearing in Rico Mejia, and said, you know, no, Castleman changes the answer in this case. And the Rico Mejia panel reissued the opinion, continued to reject the argument of Castleman. So one panel of this court in a published opinion has rejected that. More recently, as the government has argued, notwithstanding that one very clear answer from the court, prior decisions were inconsistent with that, another panel, which we cited in the reply brief, Reyes-Contreras, said, no, Rico Mejia controls as to whether or not Castleman overrules Vargas-Duran. But if you took both of those cases away from me, I recognize that the government's asked for an extension of the re-hearing time, and Reyes-Contreras, take both of those cases away from me, I'll return to the Fifth Circuit's classic rule of orderliness, and that is, when a panel decides a case in a published precedential decision, that is the law of the circuit unless and until it is unequivocally overruled by the Supreme Court or by the en banc court. Now, the government cannot argue that Castleman unequivocally overruled Vargas-Duran, first of all, because two panels of this court have said that it didn't, and second, because Castleman went to great lengths to distinguish the context of that analysis, misdemeanor crime of domestic violence, from Curtis Johnson, from the definition of violent felony. In other words, the Supreme Court ran as far away from overruling Vargas-Duran as it could, so you can't say that it's unequivocal. So that's why I say the easy path is the one that would be easiest for this panel at this point, is to recognize there is a distinction between force and injury. That distinction is borne out in Texas cases. There's a case called Landrian v. State, dealing with aggravated assault, where the court says, as far as Texas is concerned, hitting someone over the head with a beer bottle is no different than recklessly tossing a beer bottle up in the air, and it falls down and hits, and a piece of it hurts someone else. Those two things, one of them is more culpable than the other one, but one defendant is no more or less guilty than the other. And I'd also submit to you that recklessly tossing a bottle in the air, while a foolish act and a dangerous act, is not a use of physical force against someone. And that is why Texas results-oriented crimes, such as robbery and assault, I'm talking certainly at the simple level, they no longer count as violent felonies. Now, Congress at least attempted to include offenses that did not have the use of physical force as an element in the Armed Career Criminal Act, and fortunately the language that they chose to do that was unconstitutionally vague. So if the government has a complaint, right, there's sort of a sense of intuitive injustice that permeates the discussions of saying, well, certainly robbery must be considered a violent felony. The way to solve that is with Congress. Congress could enumerate robbery. That's what the Sentencing Commission has done in its comparable guideline 4B1.2. Congress could sort of take another stab at the residual clause, if you will, and try to capture offenses like this without catching ones like evading arrest. But there was a prong for dangerous crimes. That one was struck down. What this prong deals with is an element. That is a term of art in law that students would learn in first-year criminal law. Element is something that has to be proven in every case. I want to touch on something on the side that we've dealt with a little bit in the case as to whether or not we have to satisfy the Duane S. Alvarez standard. Duane S. Alvarez says if you're arguing that a crime is non-generic, you have to show a reasonable probability that the state prosecutors would apply it in a non-generic fashion. We would submit, and I think Vargas Duran controls this to this point, too, that standard doesn't apply when the question is whether or not something is an element, because an element has to be proven in every case. An element is usually found in a list of jury instructions, and so if you can think of a way to violate the statute without having that fact present, then Vargas Duran says that is not an element, implicit or explicit, of the crime. But if the court did apply the Duane S. Alvarez standard... It's an alternative means of committing the same crime, then? Is that what it is? It is. It's an alternative means, or really, it's not even a separate means. In other words, Texas has decided, unlike most states defining robbery, Texas has decided that the difference between a theft and a robbery is injury. It's causing injury or causing someone to fear injury. You don't have to be present. It doesn't have to be the person. In other words, the victim of the theft doesn't have to be the one who did it. And I think if you look at the situation that was in Villegas-Hernandez, which was what could have been a reckless assault against a peace officer, this court said that doesn't satisfy the elements clause, and if the only fact you added to that was that Mr. Villegas-Hernandez was running away from a botched attempt at shock lifting, that becomes robbery through Texas law. So there's binding precedent from this court that says that does not satisfy the elements clause, and applying that precedent in a straightforward fashion here yields to what I call the easy result. If the court has no further questions at this time, I reserve some time for rebuttal. Thank you, guys. May it please the court, Gail Hayworth on behalf of the United States. Now, there is an easy way to resolve this case, I would submit, and probably not surprising, it comes to the opposite result. It comes to affirmance here. Setting aside whether or not Castleman overrides Villegas-Hernandez, Texas robbery is still a violent felony under the act of force clause because, one, Texas case law establishes that it is a violent offense that requires the use or threat of violent force. Two, first fails to show a reasonable probability that Texas would ever apply this statute in a case where there wasn't the use or threat of violent force. And three, the most analogous case law supports finding Texas robbery to be a violent felony under the force clause. Turning first to Texas case law, Texas courts have held that robbery is a felony that involves violence or threatened violence against a person as a matter of law. Texas courts have also held that section 29.02, the robbery statute, prohibits the use or threat of violence in committing a theft or in the course of an immediate escape. Texas law also shows that the degree of force required in committing a robbery rises to the level that Curtis Johnson requires. That is, force capable of causing physical pain or injury. A robber must cause or threaten bodily injury, which the Texas penal code- So you couldn't be convicted of robbery in Texas of force less than that? No, you couldn't. The Texas Court of Criminal Appeals has held that at the very least, it requires force that is capable of causing physical pain, and this perfectly aligns with Curtis Johnson. Now, Burris argues that Curtis Johnson requires something more than just simply force capable of causing physical pain or injury, that it requires severe or extreme force. But that is undermined by the wording of Curtis Johnson itself, which specifically defined physical force as only that force that is capable of causing physical pain or injury, and it further suggested that a slap in the face would suffice. Moreover, the argument that Curtis Johnson can be read to require something more, some strong force, has been rejected by multiple circuits, including the 7th, the 3rd, the 2nd, and the 10th. And most notably, the 7th rejected the very argument that Burris raises, citing Flores v. Ascroft that suggests that Curtis Johnson requires anything more than simply force capable of causing physical pain. Now, Burris ignores Texas case law and how it defines the nature of robbery, and instead he relies on Villegas-Hernandez, which looked at the Texas assault statute and held that subtle and indirect applications of force, such as tricking someone into drinking poison or tricking someone to walk off a cliff, does not qualify as use of violent force. But Villegas-Hernandez and those scenarios have no application in the context of a robbery. As this court stated in Brewer, this court's most analogous case, which addressed federal bank robbery, it is hard to imagine any successful robbery accomplished by threatening some far removed reprisal that does not involve physical force. And that's because robbery is not just an assault standing alone. It's an assault committed in the course of committing a theft, or as Santa Esteban said, it is the misappropriation of property under circumstances involving immediate danger to the person. In other words, a robber causes bodily injury or threatens imminent bodily injury or death in the course of effecting an immediate taking from a person who otherwise would not give them the property, or in the course of effecting an immediate escape. Does it have to be immediate? I don't see that in the statutory text. In the course of committing a theft is a nexus requirement. And so the immediate escape is in section 29.01 in the definition of force. Let me put it this way. I agree with you that the traditional notion of this crime, let's say it's a stranger robbing another stranger. I can see your point, but there's nothing that requires that. Imagine coworkers who know each other well. This may be a fanciful hypothetical, but somebody goes in, walks in, poisons the person, puts something in their coffee. Would that be robbery? You see what I'm getting at? It doesn't necessarily require the kind of force you're talking about. Well, according to Santa Esteban, who looked and defined at the elements of Texas robbery, it is under circumstances involving immediate danger to the person. So that's where immediate comes from. It comes from the elements of robbery as defined by Santa Esteban. In addition to the statute defining immediate flight. You're saying immediate has been read by Texas courts? It's in the Texas Penal Code as far as defining in the course of committing a theft, and then Santa Esteban also defined robbery, including Texan robbery, as immediate danger. As to your question about robbery with committing poison, so a robber is not going to cause bodily injury in the course of committing a theft. That next is requirement. By making available poison drink to the victim, assuring the victim it's safe to drink, waiting for the victim to drink it, waiting for the poison to have its destructive effect, because it doesn't satisfy the immediacy of Santa Esteban, which says that that's an element of robbery, and it's too far removed in the course of committing a theft. Similarly, a robber is not going to compel a person to part with their property by threatening to someday trick them into drinking poison or someday trick them into walking into traffic or off a cliff. By statute, the threat must be of imminent bodily injury, not future injury. And underscoring this fact is the fact that Burrs cannot point to a single case where a defendant was convicted of robbery based on some far-removed reprisal or subtle indirect use of force, such as tricking someone into poison. He cites Smith v. State, where the defendant punched a security guard while fleeing from the store. Lightner, where the defendant struck the arresting officer in the chest with his elbow. Montalago, where the defendant hit the officer with his car as the officer approached him on foot and then struck another officer's car after a 20-mile chase. He cites Howard, where the defendant entered a convenience store late at night with his face concealed and aggressively brandished a rifle. In all of these cases, the use or threat of force was of direct physical force. It's not the subtle and indirect applications that Villegas-Hernandez was concerned about. And as such, Burrs has not shown a reasonable probability that Texas would apply the robbery statute to those subtle and indirect uses of force. Why not just rely on councilmen? I mean, it seems to me that we've got two choices, neither of which I think are binding. You've got the Rico Mejia situation, you've got councilmen. Neither of them involve the statute we're talking about here.  It is a choice. The easier choice is if Villegas-Hernandez stands, then under Brewer, Texas robbery still counts as a violent felony under force clause because then you don't have to deal with castlemen and you don't have to deal with whether castlemen overrules Villegas-Hernandez in light of Rico Mejia and Reyes-Contreras. But if you want to take the other approach the government submits and it continues to stand by its argument that castlemen overrules Villegas-Hernandez's idea that the use of poison doesn't constitute violent force. Every circuit has rejected that idea and it has applied castlemen to the violent force context and there's good reason to believe that castlemen would apply to the violent force context because castlemen, in defining the use of force to include indirect applications, cited to LeoCal, which is a violent force case, and it reasoned from a violent force example, pulling the trigger of a gun. It also defined use consistently with the dictionary definition of what use means to include indirect applications. And there's no reason it means the act of employing something. So employing poison as a destructive device would accord with the dictionary definition of use. And there's no reason to believe that another definition would apply in the context of violent force context versus a domestic violent context, especially considering, as Vazin noted, the Supreme Court noted in footnote 3 in Vazin, that the Supreme Court has consistently used the dictionary definition of use in multiple contexts. Now Burris tries to get around, going back to maybe the easier way, he tries to get around the reasonable probability test by arguing that it doesn't apply to the force clause. But he cites no case standing for that proposition. He cites Vargas Duran, which was defining what an element was, but Vargas Duran never said that theoretical possibilities or mere legal imagination can take a crime outside of ACCA's coverage. And the case law makes clear that the reasonable probability test is part of the categorical approach, which applies equally to that force clause as it does to the enumerated offenses clause. Indeed, the analysis is the same. He suggests that it only applies to where you look at an element, but the generic approach, as seen in Taylor, you define a generic offense with certain elements, and you compare those elements to the convicted crime. It's just similar with the elements clause, except for you just have one element, the use, threatened use of force, or attempted use of force, and you compare that to the conviction. So there's no reason why it wouldn't apply to the force clause when it applies to the enumerated offenses clause. Moreover, this court has repeatedly applied the realistic probability test to the force clause, including in Howell, Brewer, and Ortiz-Gomez, just to name a few, and other circuits repeatedly apply the realistic probability test to the force clause. In addition to all this, the most analogous case law and ACCA's legislative history further support finding Texas robbery to be a violent felony under the force clause. In Brewer, this court's most analogous case addressing federal bank robbery, this court looked to the case law and said that it doesn't support the poisoning hypotheticals because the case law shows that threats in the bank robbery context inherently are tied to threatened use of direct physical force. The court reasoned that the kind of threat that suffices to put a victim in fear of bodily injury during the course of a bank robbery, and which in turn allow a defendant to complete such a robbery, is the very sort of threat of immediate, direct, and destructive force that is required to satisfy the crime of violence definition, which is analogous to the ACCA violent felony definition. And because the appellants in that case had failed to present any case where a bank robber had committed the crime using some subtle or indirect use of force, the court held that bank robbery satisfies the force clause. The same reasoning applies here with Texas robbery. In addition, the Eighth Circuit has also recently held, and the only published circuit court addressing this statute and this issue, that Texas robbery categorically qualifies as an ACCA violent felony under the force clause. And finally, the legislative history of ACCA makes clear that Congress has always intended robbery to count as an ACCA predicate. And contrary to Burr's suggestion, Texas robbery is not some robbery outlier statute. It reflects the model penal code, and as this court has previously held, it is generic. It involves the misappropriation of property under circumstances involving immediate danger to the person. Moreover, the fact that Congress included as a predicate offense extortion in ACCA further supports that it obviously wanted to include robbery, because it makes no sense that extortion would qualify, but not robbery, which is undisputably a more serious and violent crime. Now Burr's also raises for the first time in his reply brief that the court cannot look to the indictment to determine the subjection of its conviction. But as discussed, the Texas robbery statute categorically qualifies as a crime of violence, I mean as a violent felony under the force clause, so this issue need not be addressed. But if the court wants to go there, the court can look to the indictment. Arguably the issue has been waived, since in his initial brief, he himself looked to the judicial records to determine what the statutory subsection was of his conviction, and only in his reply brief does he raise the argument that the court can't look at the indictment. But even if it's not waived, because he failed to raise it in his initial brief, it fails on the merits, because this case is just like Hernandez-Borja's and Martinez-Vegas. The court can look to the indictment, because the indictment alleges the statutory language of the lesser-included offense, and the judgment refers back to the indictment and the simple robbery conviction contained therein. This is not a case where the court is looking to the conduct alleged in the indictment to find the lesser-included offense that was not alleged in the indictment. The lesser-included offense here was alleged in the indictment. Do we know that the indictment is a relevant charging document in this case? Was there something about pleading on information? No, it is the relevant document, because the judgment says that he pled to the indictment. You want to touch on the question that seems to appear in all of the decisions about a mere bruise, and if that will do, or it takes some heightened level of extreme or whatever for it. Yes. Curtis Johnson doesn't require extreme or vehement or strong force. A bruise is enough. Physical pain is enough. Under Curtis Johnson's explicit definition of what physical force means in the context of AFCA, it means force capable of causing physical pain or injury. In that context, a bruise is bruised capillaries. It's a physical injury, and it suggests in both of the cases where Texas courts were looking at whether the evidence was sufficient to show bodily injury, the victim testified in addition to the bruise they had physical pain, which under Curtis Johnson is enough, and all of the circuits to explicitly address this argument have held physical pain capable of causing, I mean force capable of causing physical pain or injury. So counsel, when I read the true bill of indictment where it says charging instrument was by information instead of indictment, you seem pretty certain that we're talking about the indictment. So what does that statement mean? You looking for the true bill of indictment? On the robbery? On ROA 140? Yes. It says that the charging instrument was the indictment. Well, I'm looking at Government Exhibit 2. Is that what you're looking at? I think it's Government Exhibit 2. Does it have the ROA number on it? I'm on the last page, top paragraph. Yeah, I think this is just language that says if it's charged in indictment, the defendant waived his right to be charged by an indictment. But it doesn't apply to this case because the charging instrument, as stated in the judgment, was the indictment. So it says that we're shown above that the charging instrument was by information instead of indictment. That doesn't apply to this case? No, because it has where the defendant was not represented, knowingly he waived his right. I have, like, language. That's all right. Go ahead. But yeah, the judgment. I read the judgment as saying it was the indictment. All right. And if the court has no further questions, I'll close. So Texas robbery is a violent felony under ACCA's Force Clause because, one, the Texas case law establishes that it is a violent offense that requires the use or threatened use of force. Two, Burress fails to show a reasonable probability that Texas would apply the statute where there wasn't a use or threatened use of violent force. Three, under the reasoning of Brewer, this court's most analogous case, Texas robbery would qualify. Four, the only published circuit court case to address the issue has held that it qualifies under the ACCA Force Clause. And five, the legislative history makes clear that Congress always intended ACCA to cover robbery. Your Honor, there's a few points in reply. A tweet is not violent force under anyone's definition. And we cited on page 14 of our reply and on page 108 of the record a pending prosecution for a results-oriented Texas offense where the prosecutors have charged a theory that the defendant sent a flashing tweet to the victim who suffered a seizure. Now, that is plainly within the text of the statute. I'm sure the defendant in that case would love to have an opinion from the Fifth Circuit saying that could never be. But that's a pending prosecution right now. So if we did have to show a reasonable probability that Texas applies this results-oriented language in unusual ways, that's one. It's not a robbery case, but it's also not a case involving physical force under any definition. Second, counsel cites the case of Brewer and says it's the most analogous, but there's two things about the federal bank robbery statute that are very important that distinguish it from Texas robbery. First, federal bank robbery, the taking has to be by intimidation. In other words, that is the means that the defendant uses, the key that he uses to open the door to get the property from the victim. Whereas Texas courts have been very clear under the current definition that's not required at all. It could be a completely different person so long as it happens during the course of fleeing from a theft or attempted theft. Second thing that's different about Texas simple robbery from federal bank robbery is this causing bodily injury, which is the one that the government argues is the only version you should look at. There's not one of those in federal law, one that just happened to cause injury recklessly knowingly or intentionally while in the course of a theft. That is not a prong that's in federal bank robbery, and so that argument wasn't even addressed in Brewer. So that case is distinguishable. I would agree, again, the government wants to play on the traditional notion of robbery, but in one of the cases that both parties cite, this court recognized Texas isn't like most states. The so-called immediate danger part of generic robbery, it's defined that way because most of the states say force. Texas and a handful of other states say injury. So in that sense, this is not a traditional robbery statute, even if it's within the broader generic definition. The hypothetical from a previous case where we'd argue this, the United States versus Fennel, that case is unpublished. It doesn't bind the panel, but this court affirmed a decision. So Mr. Fennel is going to walk free after his resentencing decision. Same result should happen here, but the hypothetical we gave in that case as a non-forceful robbery is if I said to this room, a tiger has escaped from the Audubon Zoo. It will be here in moments. We're all going to die. And all the students fled. And then I took the empty room, and I took all of the laptops and valuables that they left behind. There's no question that's robbery under Texas law. I've caused someone to fear immediate bodily injury during the course of a theft. That's not a threatened use of force. I'm not saying I'm going to sic my pet tiger on you, right? It is causing someone to fear injury during the course of a theft. Same thing about a reckless causing injury. So I'm recklessly driving to get away from the job, and I run into a police car that spins out. I haven't used force against the police officer, not used force against the police officer within the definition. However, I have engaged in what you might broadly call violence under a different definition, right? One that included the residual clause that included danger. Regarding the separate provisions and whether the guideline provisions control, there are lots of cases that say we apply one in one context and we apply them across. But also the definition of crime of violence in 4B1.2 is derived from the Armed Career Criminal Act's definition of violent felony. In other words, it was a copy and paste job, and they were trying to get at that same idea, the older version of it, the pre-2015 version. The elements clause is copied directly from the statutory text, and this court has always applied the provisions, the old 2L1.2, the old 4B1.2, and the current Armed Career Criminal Act, is what I call felony violence definitions, or violence simpliciter, to use the Supreme Court's definition, to distinguish it from misdemeanor crime of domestic violence. And in terms of Duenas-Alvarez, if we did need to satisfy it, the en banc decision in Herald says there's nothing speculative about saying we apply the state's statutory text. The text is what matters for purposes of the element, and there is nothing speculative about saying Texas permits conviction for robbery based on the causation of injury, regardless of how that injury was caused. In fact, case after case in Texas and case after Fifth Circuit case have recognized that possibility and says that they're distinct. If there are no other questions, Your Honor, I respectfully ask that you reverse. Thank you, Counsel.